Stein & Co. v. Seaton.

STEIN & CO. v. SEATON ET AL.

1. **Instruction:** PERTINENCY. Instructions must be pertinent to the issues.

*Appeal from Lee Circuit Court.*

FRIDAY, APRIL 25.

THE plaintiffs, having a judgment against the defendant Seaton, caused an execution to issue thereon, and his supposed debtor garnished. Such debtor admitted an indebtedness to the partnership of Seaton & Spaan. Seaton gave a delivery bond, conditioned to pay any judgment plaintiffs might recover against the garnishee. The defendant Spaan intervened, and alleged that the garnishee was indebted to Seaton & Spaan, but that previous to the service of process on the garnishee the partnership had been dissolved, and a settlement made between the partners, and Seaton found indebted to said Spaan, and that he "was to have and receive the money due from the garnishee in full of his interest in said firm matters of Seaton & Spaan, and that said Seaton was to collect and transmit the same to him; that in consideration therefor said

Spaan transferred and assigned to said Seaton his interest in all the firm matters, and that by reason of said contract and understanding said Seaton has no other or further interest therein than as agent of this intervenor." Seaton also filed a pleading to the same effect as that of Spaan, except he insisted no judgment could be rendered against the garnishee because no indebtedness was admitted to exist in favor of said Seaton.

The plaintiffs filed an answer alleging that the claim against the garnishee was assigned to Spaan to defraud the creditors of Seaton.

There was a trial by jury. Verdict and judgment for the defendant. The plaintiffs appeal.

*Sprague & Gibbons,* for appellants.

No appearance for appellees.

SEEVERS, J.—The court instructed the jury that in order to entitle the plaintiffs to recover it must appear the claim against the garnishee was the individual property of Seaton, and if they found it was the property of Spaan, or of Seaton & Spaan, the plaintiffs could not recover.

1. INSTRUCTION: pertinency.

This instruction was erroneous because Spaan did not claim he had any interest in the amount due from the garnishee because he had been a member of the partnership, but because by the adjustment between him and Seaton it had become his individual property. All the partnership assets, by the settlement, became the property of Seaton, unless this particular claim was assigned to Spaan.

This was the only question presented by the pleadings for determination. It was erroneous, therefore, to submit to the jury the question whether the amount due by the garnishee was the property of the firm, and if they so found, the plaintiffs could not recover.

REVERSED.