## STORRS v. EMERSON.

1. **Sale:** WARRANTY: ACTION FOR BREACH: RETURN OF PROPERTY. An action may be maintained on a warranty without a return of the property by the purchaser.

2. ———: ———: PATENT AND LATENT DEFECTS. A general warranty does not usually extend to defects apparent on simple inspection, requiring no skill to discover them, nor to defects known to the buyer; but the warranty may be so expressed as to protect the buyer against consequences growing out of a patent defect. Accordingly, *held* that an express warranty against all unsoundness of a horse protected the buyer against defects arising from disease of the kidneys or spine, where these defects were not apparent to the eye, although symptoms of the disease were apparent, but not known to the buyer as such.

3. ———: ———: INSTRUCTION AS TO ISSUE NOT RAISED. Where a warranty covered several points, but the action was founded on a breach in one point only, *held* that it was error to instruct the jury that they must find a breach as to both points in order to enable plaintiff to recover.

*Appeal from Sioux Circuit Court.*

WEDNESDAY, OCTOBER 5.

ACTION to recover for the breach of warranty of soundness in the sale of a horse. There was a judgment upon a verdict for defendant. Plaintiff appeals.

*W. H. Palmer* and *Bell & Palmer*, for appellant.

*W. Hutchinson*, for appellee.

BECK, J.—I. The petition alleges that plaintiff purchased of defendant a span of horses, each of which, by the contract of sale, was warranted to be sound ; and that one of them was at the time unsound, having a fatal disease which rendered him wholly worthless. The allegations of the petition as to the warranty and unsoundness of the horse are denied in the defendant's answer. Evidence was introduced tending to prove the contract of warranty, and the unsoundness of the horse at the time it was made.

II. The plaintiff asked the court to instruct the jury that the action may be maintained on a warranty, even though

**1. SALE: warranty: action for breach: return of property.** the purchaser does not return the property to the seller. The instruction was refused. It is correct, and should have been given, in view of the fact that there was evidence upon the subject of the tender of the horse, and the failure of plaintiff to return him to defendant after discovering his diseased condition.

III. The jury were informed by the court that "if the defendant warranted the horse, and there were defects that an ·

**2. ——: ——: patent and latent defects.** ordinary person could see, then the plaintiff would not be permitted to say that the horse was not sound." The following quotation is a correct statement of the rule of the law in question: "A general warranty does not usually extend to defects apparent on simple inspection, requiring no skill to discover them, nor to defects known to the buyer. But the warranty may be so

expressed as to protect the buyer against consequences grow-
ing out of a patent defect." (Benj. Sales, 502.) In this case,
the plaintiff's petition alleges, and the evidence tends to show,
that the horse was warranted to be sound. The evidence tends
to prove that his unsoundness was caused by disease of the
kidneys and spine. What appeared as defects, if there were
any such appearances, at the time of the sale, were manifes-
tations or symptoms of the diseases which to one not an
expert did not indicate the unsoundness, or its cause.
There were in fact no "defects apparent upon simple
inspection, requiring no skill to discover them," nor were
there defects known to the buyer. The evidence does tend to
show that the horse did not or could not readily "back,"—
move backward ; but no defects were apparent to the eye.
The warranty, as the evidence tends to show, was express,
and against all unsoundness, and certainly would protect the
buyer against manifestations or symptoms of disease which
were patent, though the disease was unknown ; and indeed
the warranty was of such a character that, if the symptoms
be called the disease, it protected plaintiff, if it appeared that
the symptoms were not known to the buyer to be defects,
which the evidence tends to prove. We think the instruc-
tions, in view of these doctrines, were erroneous and mis-
leading.

IV. The court, in more than one instruction, directed
the jury, in effect, that, to justify a verdict for plaintiff, they
should find that the defendant warranted the
horse to be sound, "and free from all vicious
habits," and that the horse was not in fact sound,
"and free from all vicious habits ;" thus holding that, if
they failed to find a breach of warranty against vicious
habits, the plaintiff cannot recover. But plaintiff did not
allege in his petition a breach of warranty against vicious
habits, and introduced no evidence tending to show such
habits. The instructions required the jury to find on an
issue not in the case, upon which plaintiff had introduced no

3. ——: ——:
instruction as
to issue not
raised.

evidence. The instruction was erroneous and misleading, and unquestionably prejudicial to plaintiff.

V. The instructions fail in clearness and directness, and in our opinion are in other respects objectionable. But other grounds of error complained of by plaintiff's counsel need not be considered, as the judgment must be reversed for the errors above pointed out.

The judgment of the circuit court is

REVERSED.