Aznoe v. Conway.

1. **Instruction:** NO EVIDENCE TO SUSTAIN. An instruction based on an hypothesis which there is no evidence tending to sustain is erroneous. (See opinion for illustration.)

*Appeal from Osceola Circuit Court.*

WEDNESDAY, OCTOBER 12.

ACTION to recover for an injury to the plaintiff's buggy and horse, alleged to have been sustained by reason of the negligence of the defendant. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*O. J. Clark*, for appellant.

*J. R. Morris*, for appellee.

ADAMS, CH. J.—At the time of the accident the parties were driving each a span of horses upon a public highway in the same direction. The defendant was alone and had a lumber wagon. The plaintiff had a single seated buggy, and two others were riding with him upon the seat. He was behind the defendant, and undertook to pass him. The defendant, seeing the attempt to pass, struck his own horses with his whip, and urged them with his voice. Thereupon the plaintiff's horses became uncontrollable, and in entering upon a bridge in the road, struck it so hard as to break the buggy to pieces, and the horses escaped, and one of them broke his leg.

The court, at the request of the plaintiff, gave an instruction in these words:. "If you find from all the evidence in the case that at the time, at the place, and in the manner in which the plaintiff undertook to pass the defendant, he was not acting as a reasonable, prudent man should, your conclusion would be that he was guilty of contributory negligence.

Yet if this was known to the defendant at the time, and he, the defendant, could have avoided the injury by the exercise of reasonable care, he should not be excused, and the plaintiff would be entitled to recover." The giving of this instruction is assigned as error. The defendant insists that the last part of the instruction should not have been given, because there is no evidence upon which it could be based. The fact appears to be that the road was wide enough to allow the plaintiff to pass in safety, and all that the defendant saw was an attempt to pass him on such a road. The plaintiff's negligence, if any, grew largely out of an attempt to pass with the kind of team which he had, and where he was unfavorably situated for holding such a team. He testified that one of his horses was wild, and both were hard on the bit, and he was so seated that he lacked elbow-room, and could not pull very hard on his lines. These important facts contributing to the plaintiff's danger, and tending to make his acts negligence, do not appear to have been known to the defendant,—at least, not when he struck his horses with his whip and shouted to them. In our opinion, the instruction cannot be sustained.

Some other questions are presented growing out of alleged defects in the petition, and failure of proof to conform to the allegations; but, as the petition will probably be amended before another trial, it is unnecessary to determine the questions. REVERSED.