DEEDS v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

1. **Instructions**: NOT WARRANTED BY EVIDENCE. An instruction based on assumed facts of which there is no evidence is erroneous. (See opinion for illustration.)

2. **Railroads**: INJURY TO BRAKEMAN: VIOLATION OF RULE: INSTRUCTIONS. In an action by a brakeman for injuries received while attempting to couple cars on defendant's road, the court rightly instructed the jury that a certain rule of the company in relation to the care to be exercised in coupling cars was a proper one (see opinion for rule), and that obedience thereto was incumbent on plaintiff; but in another instruction the jury were advised, in substance, that plaintiff might recover, even though he violated the rule, if he was not guilty of negligence in any other respect. *Held* that the last instruction was erroneous, because it substituted the judgment and discretion of the plaintiff in place of the rule.

*Appeal from Washington District Court.*—HON. J. KELLEY JOHNSON, Judge.

FILED, MARCH 10, 1888.

THE plaintiff was a brakeman in the employ of the defendant on a freight train, and was injured while attempting to make a coupling of a moving train to a stationary freight car. Trial by jury, verdict for plaintiff, and judgment. The defendant appeals.

*T. S. Wright* and *H. & W. Schofield*, for appellant.

No appearance for appellee.

SEEVERS, C. J.—I.   At the time the plaintiff was injured, the following rule adopted and promulgated by the defendant was in force :   " Brakemen and switchmen, in coupling or uncoupling cars, must not assume that signals given to the engineer or fireman will be obeyed, when obedience to a signal thus given by a brakeman or switchman to an engineer or fireman is essential to the safety of the brakeman or switchman in the performance of a duty.   He must know that the signal must be understood, and is obeyed, before he places himself in a position of danger, relying on such obedience.   When he acts without such knowledge, he assumes all risk of danger arising from misunderstanding or disobedience of signals."   The plaintiff had knowledge of such rule, and the movement of the train was controlled by signals given by him to the fireman, who was acting as engineer at the time.   The accident occurred at Muscatine, about two o'clock in the morning, in October, 1885.   The plaintiff testified :   "In undertaking to make the coupling,     *     *     *     I gave the signal to stop, walked in, took hold of the link, and got caught.     *     *     *     After giving the signal I walked off to make the coupling.     *     *     *     The train was going very slow when I gave the stop signal.   About the time I took hold of the link, there was a sudden jerk, increasing the speed.   It had a short distance to go, but I think they doubled that speed anyway. When I gave the signal to stop I did not intend them to stop immediately ; I intended for them to slack up, or not to come any faster, not to work any more steam. *     *     *     I did not expect them to go any faster.   I did expect that they might go faster unless I told them not to.   They are liable to if they do not get a signal.   It is not customary to increase the speed without a signal.   It is sometimes done, when an engineer gets a signal to back up.   Sometimes he relies on his own judgment.   *   *   * If they do not get a signal to slacken up in the course of business, they use their own judgment, and increase the rate of speed.   Sometimes that occurs in the course

of business." The court instructed the jury that if the plaintiff violated the foregoing rule, and such violation contributed to his injury, he could not recover unless the defendant had waived the rule.

II. The court instructed the jury, in substance, that the fact that the rule was violated by brakemen

1. INSTRUC-
TIONS: not
warranted by
evidence.

would not justify the plaintiff in doing so, unless some one or more of defendant's officers, charged with the enforcement of the rule, knew it was customarily violated; but that the knowledge of such officers of the violation of the rule would amount to a waiver thereof. There is no evidence tending to show what officer or officers adopted and promulgated the rule, nor is there any evidence tending to show that any officer, charged with the enforcement of the rule, knew that it was violated, and, therefore, the instructions given the jury in relation thereto are erroneous. It is true, there is evidence tending to show that one White was trainmaster, and that his division extended from Eldon to Rock Island; and, assuming that it was a question for the jury whether he was charged with the enforcement of the rule, there is evidence tending to show that White saw, or had the opportunity of seeing, the manner of making couplings in the yard at Eldon. But there is no evidence tending to show that he had knowledge that the switchmen in the yard at Eldon went between cars, when in motion, to make couplings, when they knew the signal given by them had not been seen by the engineer in charge of the train. The knowledge of White was confined to the yard at Eldon, where the couplings are made by switchmen, and it does not necessarily follow that, conceding he had knowledge that the rule was violated by switchmen, therefore, he knew it was violated by brakemen, or that, if waived as to switchmen, it was also waived as to brakemen.

III. The court instructed the jury as follows:

"If the usual effects of the signal given was to slacken up the speed of the train, and the speed was

2. RAILROADS : injury to brakeman : violation of rule : instructions. not slackened within a reasonable time after the signal was given, and the plaintiff knew this, it would tend to show that he knew the signal was not being obeyed. But if the speed was not such as to render it dangerous, in the exercise of ordinary care, to commence preparation for coupling on to the train, and you find that the plaintiff did so place himself with such care, and you further find that, when the train was within a very short distance of the car to be coupled, the speed of the train was suddenly, and without warning to plaintiff or a signal for an increase of speed, materially increased so as to render it dangerous to be between the cars attempting to couple the same, and you further find that, in the exercise of ordinary diligence and care, he could not have withdrawn from between the cars after he knew of such increase of speed, then, and in such case, the existence of such rule would not prevent a recovery, if the plaintiff is otherwise entitled to recover under the evidence and these instructions."

As the court had instructed the jury that the rule was a proper one, and should be enforced, it necessarily followed that, if it was violated by the plaintiff, he could not recover, and the jury were so instructed. Under the rule it was incumbent on the plaintiff to know that his signal had been seen by the person in charge of the engine. He had no right to assume that it had been seen, or to act upon his judgment that the speed was such that he could make the attempt to make the coupling, whether his signal had been seen or not. He had no right to determine that the speed was not dangerous, and, therefore, it was immaterial whether his signal had been observed. For he knew that, unless his signal had been seen, the speed of the train was sometimes increased by the engineer, and this very thing occurred in this case, and was the cause of the accident. The vice of the instruction is that the judgment and discretion of the brakeman are substituted for and take the place of the rule. It is obvious that this instruction abrogates the rule, and if such be the

proper construction, then it is useless to establish rules, and yet it is right, proper and prudent for railroad companies to do so, if such is not their duty. *Cooper v. Central Railroad of Iowa*, 44 Iowa, 138; *O'Neil v. Keokuk & Des Moines Ry. Co.*, 45 Iowa, 547; *Pittsburg, Ft. W. & C. Ry. Co. v. Powers*, 74 Ill. 344; *Lockwood v. Chicago & N. W. Ry. Co.*, 55 Wis. 50; Beach, Contrib. Neg., sec. 141.

It is not deemed material to determine the other errors discussed by counsel.

REVERSED.