MILLER v. THE CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY.

**Instructions:** AS TO MATTERS NOT IN ISSUE.  In an action for damages caused by fire set out by defendant's engine, a direction to the jury to consider whether the fire was caused through the negligence of defendant in the construction or management of the engine was erroneous, where no such negligence was charged in the petition.

*Appeal from Carroll District Court.*—HON. J. H. MACOMBER, Judge.

FILED, DECEMBER 21, 1888.

ACTION to recover damages on account of grain, grass, etc., burned on plaintiff's land by a fire set out from an engine operated upon defendant's railroad. There was a judgment on a verdict for plaintiff. Defendant appeals.

*T. J. Garrison* and *Shortley & Cardell,* for appellant.

*Geo. W. Paine,* for appellee.

BECK, J.—I. The court below permitted plaintiff to introduce evidence tending to prove that plaintiff stacked his grain at a place, and in a manner, which would have been approved by the practice of a cautious and prudent farmer.  The case was tried upon the theory that plaintiff cannot recover if he is shown to be guilty of contributory negligence.  Plaintiff insists that, as the rule of contributory negligence has been held by this court, in *West v. Railway Co.,* 35 N. W. Rep.

479, not to apply to cases for setting out fire of the character of this case, the admission of the evidence, if erroneous, was without prejudice ; for the reason that the negligence of the plaintiff, if established, would not defeat his recovery.   The case of *West v. Railway Co.*, is pending upon a rehearing in this court,* and the doctrine in question if before us for re-consideration.   We do not, for these reasons, pass upon the question presented in this branch of the case.

II.   The jury were directed in the tenth instruction that, if they found "the fire was caused through the negligence of the defendant in the construction or management of the engine concerning the prevention of escaping coals and sparks, and without the negligence of the plaintiff contributing to the loss, they should allow the plaintiff such damages," etc.   The petition does not allege that defendant was negligent as to the construction of the engine, nor is it alleged that the engine was negligently or improperly constructed.   The instruction directs the consideration of a matter, in order to determine defendant's liability, which was not pleaded in the petition.   No rule is more familiar than that one which requires a case to be tried on the issues made in the pleadings, and will not permit matters to be considered in order to fix liability on a defendant which are not pleaded against him.   This rule is too familiar to require citation of authorities in its support. It is violated by the instruction just quoted.   Other questions discussed by counsel need not be considered, as they may not arise upon another trial of the case. They mainly involve rulings upon the admission of evidence.   For the error pointed out the judgment of the district court is

REVERSED.

---

* [And therefore not yet officially reported.]