JENNINGS, Respondent, vs. TOWN OF ALBION, Appellant.

*March 5 — April 3, 1895.*

*Injury from defective highway: Contributory negligence: Evidence of subsequent repairs: Cross-examination.*

1. Whether it was negligence to ride in a wagon on a seat not anchored thereto is *held* a question properly for the jury.

2. In an action for personal injuries alleged to have been caused by a defective highway, it was error to permit the road master, who had testified that the alleged hole in the road was only a slight depression, to be cross-examined as to how much work was done in repairing the place after the accident, for the purpose of showing that there was a defect. [Whether it would have been error if the question had been allowed merely to test his credibility or to impeach the truth of his former testimony, and the effect of his answer had been properly limited by the court, is not determined.]

APPEAL from a judgment of the circuit court for Trempealeau county: A. W. NEWMAN, Circuit Judge. *Reversed.*

Personal injuries. The plaintiff was riding on the back seat of a light spring wagon over a highway in the defendant town. The seat on which she was riding was a lumber-wagon seat, temporarily placed there, and not fastened down, but kept in place laterally by three-quarter inch strap-iron flanges. The plaintiff claims that there was a hollow across the highway about three feet deep and six feet in width, and that the sudden jar caused by the wheels of the wagon dropping into this hollow, and by the front wheels rising up on the other side of the hollow, overturned the seat backward, throwing her out and injuring her. The defect in the road was denied by the answer, and contributory negligence was alleged.

A special verdict was returned, by which it was found (1) that the highway at the place of the accident was not in a reasonably safe condition; (2) that the defect in the highway was the cause of the accident; (3) that both the driver of the team and the plaintiff were in the exercise of ordinary care; (4) that no want of such care on the part of the plaintiff or the driver contributed to produce the accident; (5) that the defect in the highway was the proximate cause of the accident; (6) that the plaintiff's damages were $675; (7) a general verdict for the plaintiff. From judgment for the plaintiff, defendant appeals.

For the appellant there was a brief by *H. H. Hayden,* and oral argument by *H. B. Walmsley.* To the point that the evidence of subsequent repairs was inadmissible, they cited *Morse v. M. & St. L. R. Co.* 30 Minn. 465; *Nalley v. Hartford C. Co.* 51 Conn. 524; *Cramer v. Burlington,* 45 Iowa, 627; *Hudson v. C. & N. W. R. Co.* 59 id. 581; *Couch v. Watson C. Co.* 46 id. 17; *Lombar v. East Tawas,* 86 Mich. 14–18; *Fulton I. & E. Works v. Kimball,* 52 id. 146–149; *Dale v. D., L. & W. R. Co.* 73 N. Y. 468; *Dougan v. Champlain*

*Transp. Co.* 56 id. 1; *Salters v. D. & H. C. Co.* 3 Hun, 338; *King v. N. Y. C. & H. R. R. Co.* 4 id. 769; *Baird v. Daly,* 68 N. Y. 547; *Payne v. T. & B. R. Co.* 9 Hun, 526; *Morrell v. Peck,* 24 id. 37; *Corcoran v. Peekskill,* 108 N. Y. 154.

*S. G. Gilman,* for the respondent, contended, *inter alia,* that the questions asked the road master were proper cross-examination to test his credibility. *White v. McLean,* 57 N. Y. 670; *Posey v. Rice,* 29 Wis. 93; *Ranger v. Goodrich,* 17 id. 78; *Martin v. Barnes,* 7 id. 239; *Conkey v. Post,* id. 131; *Kellogg v. Nelson,* 5 id. 131; *Magehan v. Thompson,* 9 Watts & S. 54. While evidence of additional precautions or subsequent repairs is not competent for the purpose of proving antecedent negligence, it may in some cases be competent for other purposes. *Morrell v. Peck,* 88 N. Y. 399; Elliott, Roads & S. 650. Where evidence is competent only on some material point, the opposite party may require the court to restrict it to that point. Elliott, Roads & S. 650; *Lafayette v. Weaver,* 92 Ind. 477.

WINSLOW, J. Two grounds of error are urged:

1. It is said that it should be held contributory negligence, as a matter of law, to ride upon a seat not anchored to the wagon. We cannot so hold. It must be held a question properly for the jury.

2. Upon the direct examination of one Hurlburt, a witness for defendant, who was the road master of the district, he gave testimony tending to show that the alleged hole in the road was a very slight depression of a few inches only in depth. Upon cross-examination by plaintiff's attorney he was asked whether he and another man did not work with a team and scraper several hours, filling up the hole with dirt, after the accident. Objection was made to this question and to others of like tenor, as incompetent, immaterial, and not cross-examination, but the objections were overruled, the court remarking that "it is only material

as to whether there was a hole there;" and the questions were answered to the effect that they worked two or three hours at the place in question. These rulings are claimed to be error. The great weight of authority is that evidence of subsequent repairs to a highway is not competent evidence to prove that there was a defect at the time of the accident. Elliott, Roads & S. 647, 648, and cases cited. It is claimed, however, by respondent's counsel, that, though such evidence may not be admissible as affirmative proof of a defect in the highway, still that it was proper to cross-examine the witness in question as a means of testing his credibility, and, if possible, impeaching the truth of his former testimony to the effect that there was only a slight depression in the road. Had the questions been allowed for this purpose, and the effect of his answers properly limited by the court, a different question would be presented, and a question which we do not decide. But there was no such limitation placed upon the questions or answers. The court said, in effect, that it was competent to prove the existence of a hole by this evidence. This was certainly equivalent to saying that the testimony was competent to prove the negligence of the defendant. It was not competent for this purpose whether it was brought out by direct or cross-examination. For this error there must be a new trial.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

NEWMAN, J., took no part.

