MARTHA A. BEARD v. E. L. GUILD, Appellant.

**Evidence:** NEGLIGENCE.    Evidence that after plaintiff was thrown from defendant's hack and received the injuries complained of the latter had a door placed upon the hack, is not admissible for the purpose of proving that the defendant was negligent in not having a door on the hack at the time of the accident, especially where the only negligence complained of is in the manner in which the hack was driven.

SAME.    Evidence as to the general build and make-up of a hack from which plaintiff was thrown is admissible in an action against the owner of the hack for personal injuries, although the only negligence complained of in the petition is in the manner in which it was driven.

**Plea and Charge.**    Where the negligence charged consisted of driving a hack, in which plaintiff was, over a rough street, at a rapid pace, and a careless attempt to go around another team, it was error to submit the issue of failure to furnish safe horses, careful drivers, or good vehicles, and to keep the latter in repair.

**Arrest of Judgment:** PLEADING.    Under Code 1873, sections 2842, 2843, requiring an amendment filed by leave of court after verdict and pending motion in arrest to be denied or confessed, a failure to move to strike or to respond amounts to an admission of the facts stated.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

WEDNESDAY, FEBRUARY 1, 1899.

ACTION at law to recover damages for injuries received by plaintiff in being thrown from a hack. Defense, a general denial. Trial to jury, verdict, and judgment for plaintiff, and defendant appeals.—*Reversed.*

*Rickel & Crocker* and *William Glenn* for appellant.

*Charles W. Kepler* for appellee.

DEEMER, J.—Appellant is engaged in the business of running hacks to and from the town of Mt. Vernon, to the

depot of the Chicago & Northwestern Railroad Company. On the thirtieth day of August, 1895, plaintiff, who was carrying a young babe, took passage in one of appellant's vehicles at the railway depot, to be driven to her home, in the town of Mt. Vernon. While driving along one of the streets of that town, which had been recently macadamized with broken stone, that had been so laid as to make the center of the street from eighteen inches to two feet higher than the sides, defendant attempted to pass a team which preceded him, and, in so doing, was compelled to run his horses along the side of the street, and near to a ditch, which was partially filled with broken stone. While appellant was driving fast, in his effort to pass the team, appellee, with the babe in her arms, was thrown from the hack and into the ditch, receiving injuries of which she complains. Appellant was so intent on getting past the team that he did not know that appellee had been thrown from his hack until he had passed the team he was endeavoring to go around, and then learned it from one of the appellee's children, who remained in the vehicle. The negligence declared upon is the careless attempt to go round the team where the accident occurred, and the running of the team over the rough, macadamized street. The original pleading did not allege that appellee did not by her own negligence contribute to the injury. After the verdict was returned, and before a motion in arrest of judgment had been submitted, appellee, by leave of court, filed an amendment to her petition pleading freedom from contributory negligence. No motion was made to strike this amendment, and no response was made thereto by appellant.

Under the statutes existing when this case was tried (sections 2842 and 2843 of the Code of 1873), the facts thus stated were admitted, and appellee was entitled to such judgment as she would have been entitled to had these facts been stated in the original petition. The trial court, after stating the issues and instructing that the burden was upon the plain-

tiff to prove the material allegations of her petition, further charges as follows: "(4) If you are satisfied from the said evidence that, at the time of the alleged injury of plaintiff, defendant was engaged in the business of carrying passengers for hire from the railroad depot to his hotel and other parts or places in the town of Mt. Vernon, and you further find he received plaintiff into his hack, by him used for carrying passengers, and while she was being so carried, it was incumbent upon defendant, and it was his duty, as the proprietor of said hack, to furnish good and safe horses, skillful and careful drivers, for the team, and to manage and drive the same with care, skill, and prudence, and if he fails to so do, and injury occurs to a passenger because of such failure, he would be liable therefor. (5) You are instructed that it is the duty of the proprietors of hacks kept and used for the transportation of passengers for hire to furnish good vehicles, and to keep them in good repair, and they are bound to exert the utmost skill and prudence in carrying their passengers, and are responsible for the slightest negligence or want of skill, but are not responsible for unavoidable accidents beyond their control." It will be noticed that the petition does not charge failure to furnish good and safe horses, skillful and careful drivers, or good vehicles. Nor does it allege any fault in failing to keep the hack in repair. The instructions which we have quoted told the jury, however, that, if the defendant failed to furnish good horses or skillful and careful drivers, he would be liable therefor. The fifth instruction states that it was the duty of the appellant to furnish good vehicles, and to keep them in repair, and that he was responsible for the slightest negligence or want of skill. As there were no such charges of negligence, it was manifestly improper to submit them to the jury. *Storrs v. Emerson,* 72 Iowa, 390; *Miller v. Railroad Co.* 76 Iowa, 318; *Deppe v. Railroad Co.* 36 Iowa, 52; *Roberts v. Richardson,* 39 Iowa, 290.

That the jury understood the condition of the hack to be directly in issue is manifest from the manner in which the case was tried. A witness was asked whether there was a door to the hack at the time of the injury. After stating there was not (which answer was proper enough under the issues presented), he was further asked how long after the accident it was that appellant put a door on the hack. This question was objected to, but the objection was overruled, and the witness answered that he put a door on afterwards. Defendant was also asked upon cross-examination about his having put a door on the hack after the accident, and, against the objections of·his counsel, was compelled to state that he did so about six months afterwards. We can think of no other purpose in the introduction of this evidence than to show negligence in the construction of the vehicle. Both defendant and witness to whom we have referred had positively stated that there was no door to the hack at the time the accident occurred, and therefore, the evidence as to repairs was not admitted for the purpose of proving there was no door to the vehicle when plaintiff was injured. That was already proven and uncontradicted. It was for no other purpose, then, than showing a confession by defendant of his negligence in not having a door to the hack. The evidence was improperly admitted in any event. We have uniformly held, in a great variety of cases, that evidence as to repairs or changes made after an accident is incompetent and immaterial. See also, *Thompson v. Railway Co*. 91 Mich. 255 (51 N. W. Rep. 995); *Jennings v. Town of Albion,* 90 Wis. 22 (62 N. W. Rep. 926); *Hammargren v. City of St. Paul,* 67 Minn. 6 (69 N. W. Rep. 470).

II. Appellant was asked on cross-examination if he had ever before attempted to run around any one when he had passengers in his hack. This question was objected to, and the objections were overruled. In view of his testimony given in his examination in chief, the ruling was correct.

III.   Evidence as to the general build and make-up of the hack was also received over appellant's objections. This was properly admitted, for the construction of the hack was a proper matter to be considered in determining whether appellant was negligent in the manner charged, in view of all surrounding circumstances, among which was the condition of the hack.

Some other errors are assigned relating to the admission of evidence. We have examined them with care, and find they are without merit. For the errors pointed out, the judgment is REVERSED.