## H. G. DUNCAN v. J. B. GRAY, Appellant.

**Plea and Proof:** CONTRACTS EXPRESS AND IMPLIED. Plaintiff cannot recover on a petition showing an implied promise to pay for services when it appears that they were rendered under an express agreement, and a breach thereof, which would entitle plaintiff to recover on a *quantum meruit.*

INSTRUCTIONS. An instruction which permits the jury to find on an issue not raised by the pleadings, and concerning which there is no controversy, is erroneous.

*Appeal from Franklin District Court.*—HON. B. P. BIRD-
SALL, Judge.

WEDNESDAY, MAY 24, 1899.

ACTION for wages. The defendant appeals from judg-
ment on a verdict in favor of the plaintiff.—*Reversed.*

*E. P. Andrews* for appellant.

*B. H. Mallory* and *John M. Hemmingway* for appellee.

LADD, J.—The petition simply alleged that the plain-
tiff entered the service of the defendant in May, 1896, train-
ing his horses, and continued until July of that year, stated
the value of his services, and prayed for judgment. The
defendant answered that the services were rendered under an
oral contract, by the terms of which the plaintiff's compen-
sation was to be one-half of the earnings of the horses
received from racing, and that the defendant had complied
with all the conditions of his agreement. In reply,
the plaintiff admitted the contract substantially as
pleaded, but averred that the defendant had broken
three conditions: (1) had failed to furnish an assistant to
care for the horses; (2) had refused to enter them at races;
and (3) had not furnished the full number. It will be
observed, then, that the only issues to be determined were
those arising out of an express oral agreement, and that
plaintiff was only entitled to recover on a *quantum meruit,*
in event the defendant failed to fulfill his part of the con-
tract. And it may be added that both parties testified to
making such a contract, differing only as to details. No
recovery could be had, then, on a mere implied promise to
pay. *Lines v. Lines,* 54 Iowa, 602; *Walker v. Irwin,* 94
Iowa, 454; *Wernli v. Collins,* 87 Iowa, 551. Nevertheless,
the court instructed the jury: "If you find from
the evidence that plaintiff was requested by the
defendant to perform the services sued for, and there

was no other contract between them, and that, in pursuance of such request, he did render the services as charged, then, of course, the plaintiff will be entitled to recover, at your hands, the fair and reasonable value of the services so rendered, as shown by the evidence." This was emphasized by submitting whether a contract had been made, in the sixth and seventh instructions, and elaborating the law on recovery for services rendered on request, in the third paragraph of the charge. This court has often held that instructing on an issue not raised by the pleadings, and bearing on which no evidence has been introduced, is error. *Storrs v. Emerson,* 72 Iowa, 390; *Miller v. Railway Co.,* 76 Iowa, 318; *Stein v. Seaton,* 51 Iowa, 18; *Trapnell v. City of Red Oak Junction,* 76 Iowa, 744; *Troughear v. Coal Co.,* 62 Iowa, 576; *Wall v. Railroad Co.,* 89 Iowa, 193; *Blaul v. Tharp,* 83 Iowa, 666; *Whitsett v. Railway Co.,* 67 Iowa, 155; *Negley v. Cowell,* 91 Iowa, 257; *Stein v. City of Council Bluffs,* 72 Iowa, 180; *Aznoe v. Conway,* 72 Iowa, 568; *Deeds v. Railway Co.,* 74 Iowa, 154. This might be urged to have been without prejudice, inasmuch as the agreement was admitted in the reply, and all parties testified to it. But, in spite of this, the court permitted, by the instruction, a finding to the contrary, and the jury might well conjecture that there was some basis for such a conclusion, else it would not be authorized. The record is such as to suggest the possibility that the privilege granted of ignoring the evidence and the issues made by the two parties was not overlooked.—REVERSED.