J. F. H. CARY, Appellee, v. JOHN L. WAYBILL, Appellant.

**TRIAL:** Instructions—Applicability to Pleadings—Nonviolation of Rule. The rule which condemns instruction on nonpleaded issues is not violated by instructions which are responsive to the testimony and relative to the *bona fides* of an affirmative defense—instructions which really go to the heart of the question whether the defense has been established.

Headnote 1:  38 Cyc. p. 1615.

*Appeal from Davis District Court.*—C. W. VERMILION, Judge.

APRIL 7, 1925.

REHEARING DENIED SEPTEMBER 25, 1925.

ACTION to recover a real estate commission. Verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*Verne J. Schlegel* and *E. Rominger,* for appellant.

*Payne & Goodson* and *Howell, Elgin & Howell,* for appellee.

PER CURIAM.—It is alleged in the petition that, on or about June 1, 1919, appellant and appellee orally agreed to purchase a certain farm of one John Morris for a consideration of $20,000, title to be taken in the name of appellee, the farm to be sold and the net profits divided equally between them. The farm was purchased and sold, as contemplated, at a gross profit of $4,700. Appellee demanded judgment for one half of this sum. Appellant admitted the purchase of the farm in appellee's name, together with the sale thereof, but denied that he received the sum of $2,350 as profits, or that he agreed to pay appellee any part thereof, and alleged that appellee took title to the farm in his own name for appellant's accommodation. Appellant offered testimony upon the trial to the effect that he paid $2,350 of the profits realized to one Charles Eddy, another real estate man, who, he claimed, assisted him to sell the farm; and incurred other expenses in the matter.

Counsel for appellee was permitted to cross-examine appellant at length upon the transactions which he claimed to have had with Eddy and one Nelson, eliciting testimony tending strongly to disprove the good faith of those transactions, and to indicate that they were devised for the fraudulent purpose of defeating appellee's claim. Fraud was not, however, pleaded. The court instructed the jury that, if appellant had shown by the greater weight of the evidence that he paid Eddy a commission or compensation for the sale of the farm, the amount so paid should be deducted from the gross profits; but added that, if it appeared from the evidence that the same was paid in pursuance of a fraudulent agreement between appellant and Eddy, and for the purpose of concealing the net profits actually received, and to add to the expense of the sale, then such sum so paid to Eddy should not be deducted from the gross profits realized therefrom. Appellant assigns the giving of this instruction as error, and this ruling constitutes the sole ground relied upon for reversal.

It is the rule of this state, long established by the decisions

of this court, that it is error. to submit issues to the jury not presented by the pleadings. *Stein & Co. v. Seaton*, 51 Iowa 18; *Beard v. Guild,* 107 Iowa 476; *Eller v. Loomis,* 106 Iowa 276.

The instruction complained of was responsive to the proof. The court did not purport to submit to the jury an issue not pleaded, but only to fully instruct the jury as to the credits to be allowed. The subject of the instruction inhered in the very claim of appellant. Appellant asserted a right to deduct the sum claimed to have been paid to Eddy. If no such sum was in fact paid, or if paid in pursuance of a fraudulent and conclusive arrangement, to defeat the claim of appellee, then clearly he was not entitled to have the same deducted from the gross profits. The instruction was based largely upon the testimony of appellant, was fully justified by the record, and was necessary to the proper submission to the jury of appellant's claim. The giving of the instruction does not present a ground for reversal.—*Affirmed.*

VERMILION, J., took no part.