C. C. TABLER, Appellee, v. M. A. EVANS, Appellant.

**TRIAL:** Instructions—Submitting Fact Not in Issue. The submission 1 of the issue of mistake in a duly pleaded settlement of partnership affairs without plea of such mistake constitutes reversible error. (See Book of Anno., Vol. 1, Sec. 11209.)

**TRIAL:** Instructions—Recovery on Unsupported Condition. Instruc- 2 tions which permit a recovery on a condition which the evidence affirmatively shows never existed, constitute error, and the error must be deemed prejudicial when numerous items are in dispute and it is quite impossible to determine what various items were allowed by the jury.

**TRIAL:** Instructions—Curing Error. An error in the reception of testi- 3 mony is cured by instructions which protect the adverse party from an unauthorized recovery.

Headnote 1: 38 Cyc. pp. 1611, 1615. Headnote 2: 4 C. J. p. 1036; 38 Cyc. p. 1619. Headnote 3: 4 C. J. p. 991; 38 Cyc. pp. 1444, 1758.

Headnote 3: 14 R. C. L. 812.

*Appeal from Lucas District Court.*—W. M. WALKER, Judge.

FEBRUARY 8, 1927.

Action at law, with a counterclaim on behalf of the defendant. There was a verdict and judgment for the plaintiff, and the defendant appeals.—*Reversed and remanded.*

*S. C. Hickman* and *E. A. Anderson*, for appellant.

*William Collinson*, for appellee.

VERMILION, J.—The plaintiff was a tenant on the farm of the defendant, under an oral agreement. Prior to the tenancy, the parties had been operating the farm as partners. The controversy relates to various items claimed by plaintiff to be due him, growing out of the tenancy, and to one item for hauling corn during the partnership, and to a counterclaim on behalf of defendant.

I. There was a written agreement of partnership which

provided that the appellee should furnish 1,500 bushels of corn in the crib on the farm. The defendant pleaded a settlement of the partnership accounts. There was no pleading on behalf of the plaintiff, attacking the settlement. The court instructed the jury that it was claimed by defendant that there was a full and final settlement of all accounts of the partnership, while it was claimed by plaintiff that the item of hauling corn was overlooked, and by mistake was not taken into account in the settlement; that, where parties are shown to have had a settlement of their accounts, the law presumes that all items of their account were included and settled; but that this presumption is not conclusive, and may be rebutted by proof that one or more items of their account were omitted from the settlement by oversight, mistake, or mutual intent of the parties. The complaint of this instruction is not of its statement of the law, but that, since there was no pleading on the part of appellee attacking the settlement of the partnership accounts on the ground of mistake or oversight, it was error to submit such issue to the jury. We think the complaint is good. It is the general rule that it is error to submit to the jury issues not raised by the pleadings. *Stein & Co. v. Seaton*, 51 Iowa 18; *Eller v. Loomis*, 106 Iowa. 276; *Beard v. Guild*, 107 Iowa 476; *Cary v. Waybill*, 200 Iowa 432. The case of *Johnson v. Berdo*, 131 Iowa 524, is directly in point. In that case there had been a settlement between landlord and tenant, which was pleaded by the landlord in an action by the tenant. The reply was a general denial. The cause was tried to a referee, who found there had been a settlement, but that, through mutual mistake and oversight, certain items had not been credited to plaintiff. We said that the reply put in issue the fact of there having been a settlement; that, if there was a general settlement between the parties, it was presumed to have included all matters of difference and those in controversy between them; but that, under the general issue, evidence assailing the validity or accuracy of the settlement was not admissible; and that:

"To impeach a settlement because of errors having occurred through mutual mistake or on the ground of fraud, these matters must be distinctly alleged. * * * If, then, there were no averments of mistake or fraud in the settlement contained in the

*Marginal note:* 1. Trial: instructions: submitting fact not in issue.

pleadings, these were not proper matters for consideration by the referee or district court.''

II. The court instructed that, in order for the plaintiff to recover for hauling corn, he must establish by a preponderance of the evidence that, during the existence of the partnership,

2. TRIAL: instruc-<br>tions: recovery<br>on unsupported<br>condition.

the defendant employed plaintiff to haul corn, and agreed to pay him therefor. Both appellee and his wife, the only witnesses who testified to such an agreement, said that the agreement of appellant to pay for hauling the corn was before the partnership contract was signed. There were numerous items in controversy on both sides. The jury returned only a general verdict for the plaintiff, and it is impossible to say what items were allowed. The allowance of anything for hauling corn would clearly have been contrary to this instruction, since there was no evidence of any agreement to pay therefor entered into after the partnership contract was signed. The motion for a new trial should have been sustained on this ground.

In this connection, we may note appellant's complaints that the testimony in relation to the parol agreement to pay for hauling corn was erroneously admitted because it tended to contradict and vary the written contract. We find in the record no objection to such testimony on that ground, and no ruling on a motion to strike a portion thereof.

III. One item of appellee's claim was for pumping water for stock during times when the water system on the farm failed or was out of repair. Any error in admitting testimony as to

3. TRIAL: instruc-<br>tions: curing<br>error.

the pumping of water during the continuance of the partnership was cured by an instruction that plaintiff could only recover for pumping water during the tenancy, for which defendant promised to pay.

IV. There was no prejudicial error in refusing to give two requested instructions. There was no issue in the case to which one could apply, unless it, perhaps, might be the claim for pumping water. But in that respect the instructions given adequately covered the point. The proposition contained in the other was also, in effect, embodied in the instructions of the court.

Other errors assigned are without merit, or relate to matters not likely to arise on a retrial.

We regret that we have not had the benefit of argument for appellee, but are constrained to say that, for the errors pointed out, the judgment must be, and is, reversed, and the cause remanded.—*Reversed and remanded.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.