## KERVICK V. MITCHELL ET AL.

1. **Fraudulent Conveyance:** IMAGINARY CREDITOR: WHERE FRAUD NOT IMPUTED: RECOVERY BY GRANTOR: INSTRUCTION. Where a party has given a conveyance of his property with intent to defraud a creditor, the law will allow him no relief against such conveyance, but will leave him in the situation in which he has placed himself. But where there is no creditor in fact, but only an imaginary one, through fear of whom the grantor, encouraged by the grantee, makes the conveyance, a fraudulent intent will not be imputed to the grantor, and, where the conveyance of the property has been without consideration, he may recover the same or its value. Accordingly, where the plaintiff was seeking to recover the value of property so conveyed by him, and the evidence showed that he had, prior to the conveyance, settled with and paid the creditor from whom he was led to fear litigation, and there was no evidence that the creditor was not content with the settlement, the court was justified in instructing the jury that they should find for plaintiff, if they found that there was no consideration for the conveyance, and that it was given in pursuance of defendant's advice to keep the property out of the hands of the creditor.

2. **Fraud:** IN PROCURING BILL OF SALE: ACTION FOR VALUE OF GOODS: FRAUD MUST BE ALLEGED BEFORE IT CAN BE PROVED. Where plaintiff sought to recover for the value of certain chattels alleged to have been converted by defendants, and defendants set up a bill of sale made by plaintiff to them, evidence was inadmissible to prove that the bill of sale had been procured by fraud, in the absence of any such allegation in the pleadings.

3. **Practice in Supreme Court:** REHEARING: PRINTING OR REFERRING TO FORMER OPINION. A petition for rehearing will be struck from the files, which fails either to present in print the opinion of the court on the first hearing, or to refer to the volume and page of the Northwestern Reporter where it is to be found, as required by rule 90 of this court, as modified by the order of October 22, 1879.

*Appeal from Allamakee District Court.*

WEDNESDAY, FEBRUARY 3.

Plaintiff brought this action to recover the value of certain personal property of which he alleges he was the owner, and which defendants, as he charges, wrongfully took possession of and converted to their own use. The judgment below was for plaintiff, and defendants appeal.

VOL. LXVIII—18

*F. S. Burling* and *L. E. Fellows,* for appellants.

*S. S. Powers* and *Dayton & Dayton,* for appellee.

REED, J.—Plaintiff executed and delivered to defendants a bill of sale of the property in question, under which they took possession of it, and they now claim to own it. The evidence introduced by plaintiff tended to prove that the bill of sale was given without consideration, and that plaintiff executed it by the advice of defendant William Mitchell, who represented that one Kline was about to institute a suit against him for the recovery of damages on account of an assault by plaintiff on Kline's wife, and that defendant advised him to make the conveyance for the purpose of putting the property beyond Kline's reach. It also tended to prove that Kline had no valid claim against plaintiff, and it was shown that plaintiff and Kline had a settlement, and that plaintiff had paid him a sum of money which he received in full satisfaction of the claim. Defendants' evidence tended to prove that plaintiff was indebted to defendant William Mitchell, and that he conveyed the property to him in satisfaction of, or as security for, such indebtedness; and that plaintiff asserted, at the time the conveyance was made, that Kline was about to institute proceedings against him on said claim, and that he made the conveyance for the purpose of satisfying defendants' claim, rather than to permit the property to be appropriated by Kline in satisfaction of his claim.

I.    Defendant asked the district court to instruct the jury that if plaintiff executed the bill of sale for the purpose of

1. FRAUDU-LENT convey-ance: imagin-ary creditor: when fraud not imputed: recovery by grantor: in-struction.

hindering or delaying or defrauding his creditors, or any person he had reason to suppose had some claim or demand against him, or with intent to put the property beyond the reach of his creditors, he could not recover. The court refused to give these instructions, and, on its own motion, gave the following: "The plaintiff claims that the bill of sale was not

valid, for the reason, as he alleges, that there was no consideration for said bill of sale, and that it was given in pursuance of defendant William Mitchell's advice to keep the property out of the hands of Kline. If you find such to be the facts, your verdict will be for the plaintiff; otherwise you will find the bill of sale valid, and your verdict will be for the defendants."

Appellants assign the giving of this instruction, and the refusal to give those asked, as error. The instructions requested by defendants express the familiar doctrine that, when a party has given a conveyance of his property with intent to defraud another, the law will afford him no relief against such conveyance, but will leave him in the situation in which he has placed himself. This doctrine is not embodied in the instruction given. It holds that plaintiff is entitled to recover the property if the conveyance was given, in pursuance of defendant's advice, for the purpose of putting the property beyond Kline's reach. If the relations existing between plaintiff and Kline were such that the latter could not be defrauded by the conveyance, the holding is correct; for a fraudulent intent in the execution of the conveyance can be imputed only in case the interests of some third party might be injuriously affected by it. *Day v. Lown*, 51 Iowa, 364. But, as the burden of proof was on him, it was incumbent on plaintiff to establish his ownership of the property. Under the claim made by him as to the circumstances under which the conveyance was made, he was required to prove that Kline had no interest which would be defeated by it. If it can be said that this fact was proven, the ruling of the district court can be sustained, otherwise, it is erroneous.

As stated above, it was proven that plaintiff and Kline had settled the matter in dispute between them, and that Kline had accepted from plaintiff a sum of money in satisfaction of the claim made by him. It is true, doubtless, that this is not conclusive of his rights. If the settlement had been

obtained by fraud, he would not have been precluded by it from asserting his claim, and it might have been avoided, probably, on other grounds. If he had been honestly asserting his claim and seeking to enforce it, notwithstanding the settlement, the conveyance, if made for the purpose alleged by plaintiff, would doubtless have been fraudulent; for the law would not permit plaintiff to be the judge of the validity of the claim, or to defeat it by a voluntary conveyance of his property, however well convinced he might have been of its invalidity. But we think the proof of the settlement, and the receipt by Kline of the money in satisfaction of his claim, was *prima facie* evidence that he had no interest which the conveyance could have defeated. And, while it would have been overcome by proof that he was asserting and seeking to enforce his claim, notwithstanding the settlement, the burden was on defendants to establish that he was doing this. But they made no effort to prove that fact. We think, therefore, that the district court was justified in assuming, as it did in the instruction, that Kline had no interest which the conveyance could have defeated.

II. Defendants objected on the trial to the evidence which tended to prove the circumstances under which the bill of sale was executed, on the ground that it was immaterial and irrelevant. They also asked the court to instruct the jury that the validity of the bill of sale was not assailed in the pleadings, and that, in the absence of such pleading, its validity could not be questioned; and, as it appeared upon its face to be legal, it must be regarded as a valid instrument, and that its effect was to vest defendants with the legal title to the property. The court overruled the objections to the evidence. It also refused to instruct the jury as requested. The allegations of the petition are that plaintiff was the owner of the property, and that defendants had wrongfully taken possession of it, and had converted it to their own use. The answer was a denial of these allegations. It also con

*2. FRAUD: in procuring bill of sale: action for value of goods: fraud must be alleged before it can be proved.*

tained an allegation that defendants are the owners of the property, and there was no reply.

The ground of recovery set up by plaintiff in the petition is that defendants committed a trespass in taking and converting the property. To disprove this averment they introduced the bill of sale in evidence. The legal effect of the instrument was to clothe them with the title and ownership of the property. It is, by its terms, a grant by plaintiff of the property to them, and there was evidence tending to prove that they took possession of it under the grant by his consent. Indeed, by the bill of sale he gave his consent that they might take possession of it. There is no claim that there was any understanding or agreement between the parties that defendants would reconvey the property to him, or that the ownership of it should revert to him on the happening of some future event. The sole claim under the evidence is that he was induced by a fraudulent representation to make the conveyance. If this is true, his right of recovery is based upon the fraud which was perpetrated upon him in the transaction, and this is undoubtedly the ground upon which he did recover. But the fraud is not alleged in the pleading as a ground of recovery. The evidence objected to was, therefore, not relevant to the issue, and should have been excluded.

The instruction asked by defendants was applicable to the issue as made by the pleading, and should have been given.

REVERSED.

### SUPPLEMENTAL OPINION.

BECK, J.—A petition for rehearing has been filed in this case. It fails to comply with rule 90 of this court, requiring the opinion to be printed with the petition for rehearing, and the subsequent order of the court of October 22, 1879, dispensing with the printing of the opinion when the petition for rehearing refers to the number and page of the North-

3. PRACTICE in supreme court: rehearing: printing or refering to former opinion.

western Reporter presenting such opinion. Counsel for plaintiff have wholly disregarded this rule, in failing either to print the opinion or to make reference to the number and volume of the Northwestern Reporter containing it. We must insist upon counsel observing the simple requirement of this rule. Its observance relieves us of the consumption of much time in unnecessary labor searching for opinions. The petition for rehearing will be stricken from the files of this court.

We take occasion to remark that, while we are not required under our rules to read the petition for a rehearing, we have given it consideration, to the end that we might determine whether it was well founded. We reach the conclusion that it is not. Counsel complains, in the petition, of our ruling in the opinion, to the effect that plaintiff, to entitle him to show the invalidity of the bill of sale, should have replied to defendants' answer alleging ownership of the property, setting up the invalidity of the bill of sale upon which the ownership was based. Plaintiff seeks to recover for the property taken and converted by defendant. The defendant answered, alleging ownership. This answer was supported at the trial by the introduction of the bill of sale. Plaintiff insisted that it was invalid because it was fraudulent. The answer sets up the defense of ownership to plaintiff's claim. The plaintiff had a defense to defendants' claim of ownership, namely, fraud in the bill of sale, upon which he relied to defeat the fact of ownership, upon which defendant rested his claim. He should have pleaded this defense to defendants' claim as required by Code, § 2665, par. 2.