CORNELIUS RYAN JR., Appellant, v. CITY OF DUBUQUE.

Contracts: EXPRESS EXCLUDES QUANTUM MERUIT.   Where work is done under a written contract, no recovery can be had on a quantum meruit.

GRADING CONTRACT: *Construction.*   Where a contract for grading a city street for a fixed sum estimates the amount of grading in cubic yards, and provides that in case of a change in the grade of the street, which shall change the amount of grading required, the amount of compensation shall be increased or diminished in the same proportion, the term "amount," in the phrase "amount of grading," will not be construed to mean cost, under a custom of contractors in a particular city, since the word has a well defined popular meaning, and was used in relation to amount of work.

SAME.   A contraact for grading a city street made provision for both cutting and filling, in order to bring the street to an established grade, and provided that the grade might be changed, and in such case the price to be paid was to be increased or diminished according to the change in the amount of grading required.   The grade was changed, which caused more cutting and less filling than was required by the original grade.   *Held*, that, in computing the change of compensation resulting from such change of grade, the contractor was entitled to charge separately for both cutting and filling, though the materials taken from the cuts were used in making the fills.

SAME. The provision in the portion of such contract relating to the disposition of excess of dirt excavated over that used in the

fill, that the quantities used in excess, only, shall be estimated, does not have the effect of only allowing one payment for the dirt excavated in the cutting, and used in the fills.

*Appeal from Dubuque District Court.*—HON. M. C. MAT-THEWS, Judge.

SATURDAY, OCTOBER 20, 1900.

ACTION to recover balance due on grading contract. Demurrer to the petition was sustained and it dismissed. The plaintiff appeals.—*Reversed.*

See *Ryan v. City of Dubuque,* 106 Iowa, 313.

*McCarthy & Kenline* for appellant.

*Duffy & Maguire* for appellee.

LADD, J.—The grading was done under a written contract, and for this reason no recovery can be predicated on a *quantum meruit,* as was sought in the second count of the petition. The first count is included in the third, and attention may be limited to the latter. That part of the specifications involved only , with the estimate attached, need be set out.:

"Estimated amount of ⎰ Cut, 5,574 cubic yards.
  grading          ⎱ Fill, 19,142   "       "
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## "GRADING.

"'Said Southern avenue shall be brought to the proper grade line as directed by the city engineer. The filling shall be of sand, clay, earth, or gravel. When excavation is in excess, all material not needed in the construction or protection of the work shall be hauled and deposited in such place, and left in such manner, as the engineer or street committee may direct. The distance hauled shall not exceed 2,500 feet. Quantities in excess, only, will be estimated. All material to belong to the city. Grading to

be bid in total. The grading is estimated from an established grade of said street, as shown by profile, cross section and level notes, on file in the city engineer's office. The city reserves the right to change the grade of said street, thereby increasing or diminishing the amount of grading as estimated; and if, from any change of grade or other cause, the amount of grading is changed, then the amount due and to be paid under this contract shall be increased or diminished in same proportion."

The plaintiff's bid was $2,679.60. He has been paid $1,201.20, and in this action seeks to recover the balance. During the progress of the work, changes were made by the engineer, which increased the amount of excavation to 8,464 cubic yards, and diminished the amount of filling to 5,880 cubic yards, and thereby greatly enhanced the expense of performing the contract, as the cost of cutting was about seven times that of filling. Compensation is claimed by plaintiff according to this increased cost of the grading done, and if this be not allowable, then in proportion the grading done bears to that estimated. The city insisted that under the contract a cubic yard of earth excavated and used in filling should be counted but one cubic yard of grading, and that, so computing, the plaintiff had been fully paid. This appears to have been the view taken by the district court in sustaining the defendant's demurrer.

I. The rate of compensation in event of a change in grade is very clearly fixed by the specifications. It was to be increased or diminished in that proportion the amount of grading done bore to that estimated. There is no ambiguity or room for misunderstanding in the language employed. True, plaintiff avers that the word "amount," in the phrase "amount of grading is changed," contained in the contract, has a customary meaning among contractors at Dubuque, when used in grading contracts relating to different classes of work, as work, value, or cost, as distinguished from quantity or number of

cubic yards, and that the parties to this contract so understood it. But these are very simple words, each having a popular and well-defined meaning, not similar to the other; and it is somewhat remarkable, if true, that the contractors of that locality should so pervert the English language, without conceivable excuse for so doing. Conceding this to be possible, however, the language of the specifications precludes such a conclusion. There the amount of grading is in fact estimated in cubic yards, and to the amount of grading as thus estimated the phrase mentioned unmistakably refers. To say that under such circumstances, "amount" means cost, value, or work, is to impute a meaning contrary to the evident sense intended, the context, and its ordinary use. That this may not be done is conclusively settled by authority. *Willmering v. McGaughey,* 30 Iowa, 205; *Cash v. Hinkle,* 36 Iowa, 624; *Silberman v. Clark,* 96 N. Y. 552; *De Witt v. Berry,* 134 U. S. 306 (10 Sup. Ct. Rep. 536, 33 L. Ed. 896).

II. The word "grading" includes cutting as well as filling. Technically it is the reducing of the surface of the earth to a given line fixed by the city as the grade, and may involve filling or excavating, or both, as shall be necessary to accomplish that object. As said in *Smith v. Washington Corp.,* 20 How. 135 (15 L. Ed. 858), "Hills must be cut down, and hollows filled up, or, in other words, the road be graded or 'reduced to a certain degree of ascent or descent,' which is the proper definition of the verb 'to grade.' " It will be observed that both the cut and the fill were included in the "amount of grading," as estimated and contained in the specifications; and this phrase, when used in the body of the contract, must be accorded the same meaning. That was evidently the intention of the parties. Separately considered, the amount excavated was a part of the grading, regardless of the place to which the earth was taken; and so of the fill, no matter from whence the earth came. And it would seem that,

where both are mentioned as making up the "amount of grading," both should be measured, in determining the compensation stipulated therefor. It may be that, as held in *City of Leavenworth v. Rankin*, 2 Kan. 357, where compensation for grading is to be by the cubic yard, and all the earth excavated is used in filling, it should be measured but once. But here compensation is based on the entire "amount of grading," which, according to the specifications and the contract, included both the excavation and fill contract. The parties having employed the phrase as including both, it should be so treated in estimating the price to be paid for the work actually done. But the defendant asserts that the method of compensation is fixed by the contract, in providing that "quantities in excess only shall be estimated." That is, as in the estimate the filling is the more, and, in the grading done, the excavation was the greater, payment should be that part of the original price that the latter is of the former. This sentence follows provisions relating to the excess of material excavated over that necessary for filling, together with the place to which it is to be hauled, and the distance, and is just before the reservation of such material by the city. To such excess it evidently refers. The wording indicates that a difference was intended, and not the greater of two numbers. While the purpose of the sentence. in its connection, is not clear, it cannot be construed as meaning the total amount of excavation or deposit, as contended, without materially enlarging its purport. The excess of the cut over the fill is the one less the other, and not the larger—is the difference between the amount of earth placed upon and that taken off the entire surface in making the improvement. Besides, it is evident from the subsequent conditions that, in determining what proportion of the amount bid should be paid in event of a change, the grading actually done and that estimated, which, as we have seen, included both the cut and fill, were to be considered, and compensation made

accordingly. Without adding to the contract, it cannot, in the absence of any averment of custom or usage, be accorded the meaning contended for by appellee. The plaintiff is entitled to that proportion of his bid that the total amount of excavation and filling bears to the total amount estimated. —REVERSED.

GRANGER, C. J., not sitting.