C. W. TUBBS, Appellee, v. MECHANICS' INSURANCE COMPANY, Appellant.

131  217
139  505

**Evidence of value:** COMPETENCY OF WITNESS. The fact of ownership of property affords proof of competency to testify to its value.

**Insurance:** CONSTRUCTION OF POLICY. The question of what items of property are covered by the terms "building" and "machinery" as used in describing property in a policy of insurance are for the court to determine.

**Pleading:** SPECIAL MEANING OF WORDS. To permit proof that words in common use have a peculiar meaning among insurance companies such meaning should be specially pleaded.

**Insurance:** WHAT INCLUDED IN THE TERM "MACHINERY." The term "machinery," as descriptive of property included in an insurance policy covering a laundry and machinery, embraces the boiler, pipes and fittings used for motive power and in providing steam for drying purposes.

**Insurance of fixtures.** Where a policy of insurance covered a building and machinery therein, and the building stood upon leased ground, the fixtures were covered by the clause of the policy insuring the machinery.

*Appeal from Montgomery District Court.*— HON. W. R. GREEN, Judge.

WEDNESDAY, JULY 11, 1906.

ACTION at law upon a fire insurance policy. Judgment for plaintiff, and the defendant appeals.— *Affirmed.*

*Edmund H. McVey* and *R. W. Beeson,* for appellant.

*J. M. Junkin* and *Ralph Pringle,* for appellee.

WEAVER, J.— The appellant issued to plaintiff a pol-
icy insuring him against loss or damage by fire upon a
frame building used as a laundry to the amount of $300, and
upon the "machinery of all kinds and descriptions while
contained" in said building and the additions thereto to the
further amount of $1,200.   A total loss of the insured prop-
erty by fire having occurred during the period covered by
the policy, and appellant having refused to adjust or pay
the same, this action was begun.   In its answer appellant
denied liability on the policy and alleged:   (1) That the
insurance was issued to the Red Oak Laundry and plaintiff
is not entitled to maintain the action.   (2) That the insured
building stood on leased ground, which fact was wrongfully
concealed from the company at the time the policy was is-
sued.   (3) That in violation of the conditions of the policy
the personal property thereby sought to be insured was in-
cumbered by mortgage; that other mortgage incumbrances
were thereafter placed upon said property without the knowl-
edge or consent of the company; and that appellant had at
no time waived its right to insist upon a forfeiture of the
contract because of the alleged breach of its conditions by
the insured.   A trial being had on the issues joined the court
ruled that the affirmative defenses had no sufficient support
in the evidence and submitted the case to the jury to assess
the amount of plaintiff's loss.   A general verdict was re-
turned assessing the recovery against the appellant for the
full amount insured, being $300 on the building and $1,200
on the machinery, with interest, for which sum judgment
was duly entered.

Against the ruling withdrawing appellant's defenses
from the jury, counsel do not in this court appear to make
any serious contention, but confine their argument princi-
pally to the alleged errors occurring upon the trial to the
prejudice of the appellant with respect to the assessment of
damages.   In limiting the issues on which the jury should
pass there was no error.   There was no testimony upon

which a verdict for defendant on either of the excluded defenses could have been upheld, and we, therefore, pass directly to the propositions to which the briefs of counsel are directed.

The plaintiff testified as a witness in his own behalf, and after describing the machinery which he claimed to have had in the burned building, was asked if he knew the

1. Evidence of VALUE: competency of witness. "reasonable fair value of the building." Appellant's objection to his competency as a witness was overruled, and the witness answered: "Yes; $500." He was asked, "Are you acquainted with the real actual value of the machinery in the building at the time of the loss? What was its value?" The same objection being made and overruled, he answered: "Well, I should say $1,600 at least." This ruling and the admission of the testimony is said to be erroneous because the witness had failed to establish his competency by showing that he was acquainted with the value of such property. We are not prepared to agree with counsel that the fact that the witness was the owner of the property affords no proof of his competency to testify to its value. The rule to the contrary has often been affirmed. *Shea v. Hudson,* 165 Mass. 43 (42 N. E. 114); *Mercer v. Vose,* 67 N. Y. 56; *State v. Hathaway,* 100 Iowa, 225; *Tubbs v. Garrison,* 68 Iowa, 48; 1 Wigmore's Evidence, section 716. And see *Thomason v. Insurance Co.,* 92 Iowa, 72, a case directly in point.

One Englemen, a professional adjuster of losses for insurance companies, testified as a witness for appellant, and was given a list of the various items of property de-

2. Insurance: construction of policy. stroyed by the fire, and asked to "pick out from that list what items there, under the knowledge you have as an expert, constitute machinery." An objection to this testimony as incompetent, irrelevant, and calling for a matter upon which the court and not the jury must pass, was sustained. A like ruling upon the appellant's offer to show by the same witness that there was

" a custom or usage among fire insurance companies in regard to the meaning of the words ' building ' and ' machinery ' as used in insurance policies and in the adjustment of losses," is also complained of. We may say in this connection that in submitting the case to the jury, the trial court, after enumerating several items of the property destroyed which were not to be considered " machinery," proceeded to charge as follows: " (6) On the other hand, the boiler, all pipes connecting it with the other apparatus used in the business, the pipes and apparatus, if any, of the drying room, the steel tanks, all shafting, belting, and hangers for shafting, contained in the building, are machinery within the meaning of the term as used in the policy, as well as such apparatus as would ordinarily be spoken of as machines." The foregoing rulings and instructions are objected to primarily on the theory that the meaning of the words " building " and " machinery " and the items of property covered by those terms in the policy were questions of fact which the jury should have been allowed to pass upon.

In support of this contention we are cited to numerous cases in which the definitions of trade and technical terms are held to be subjects of proof as matters of fact. But in our judgment neither " building " nor " machinery " can fairly be placed in that class. They are words of common and every-day use not alone among those who are engaged in some special line of business or employment but among people generally. It is an elementary general rule that the construction and interpretation of contracts is a question for the court, and not for the jury, and that the words employed by the parties must be construed according to their ordinary usual and popular meaning. In the absence of any apparent defect or ambiguity of expression, and absence of technical terms of science, art, or trade, no extrinsic evidence is admissible to aid in the interpretation of the writing. 9 Cyc. 773, 774; *Cash v. Hinkle,* 36 Iowa, 623; *Will-*

*mering v. McGaughey,* 30 Iowa, 205 ; *Ryan v. Dubuque,* 112 Iowa, 284.

If it be claimed that words in common use sometimes acquire a peculiar or enlarged or restricted meaning in certrain trades or lines of business and that in contracts made with reference to such trade or business such peculiar or trade meaning is a subject of proof, we have to answer to obtain the benefit of the rule thus stated, the practice in this jurisdiction requires the alleged custom or usage to be pleaded. A mere denial of a claim based on a written contract raises no issue under which such testimony is admissible. Code, section 3615; *Eller v. Loomis,* 106 Iowa, 276. No such issue was tendered in this case and there was no error in excluding the offered testimony.

3. PLEADING: special meaning of words.

But it is urged that in any event the instruction in which the trial court points out the items of property covered by the term " machinery " is inaccurate. The court did not attempt, and we think was not required, to give to the jury a technical definition of the word, but taking the undisputed list of the property destroyed, the instruction pointed out the specific things which could properly be called " machinery." The objection which is specifically urged to the court's enumeration of the machinery is that the boiler, pipes, and fittings have no proper place in that category, because, it is said, " they did not convey or regulate force. They did not contribute in the remotest degree to keep any kind of machine or appliances in action or motion." Among the definitions given by Webster's International Dictionary we find the following: " Machine — any mechanical contrivance." " Machinery — the means and appliances by which anything is kept in action or a desired result is obtained; a complete system of parts adapted to a purpose." More narrowly and technically, machinery is said to be " the working parts of a machine, engine, or instrument arranged and constructed

4. INSURANCE: what included in term " machinery."

so as to apply and regulate force." It is in the first and broader sense that the term is usually employed and it is a well-established rule of insurance law that a policy is to be construed most liberally in the interest of the insured.

The property here in question was a steam laundry in which steam was used not only as a motive power but for providing heat for drying purposes and other uses by which to perform the work for which the plant was designed. Boiler, pipes, washers, irons, mangles, and numerous other appliances made up a complex system of parts adapted to the purpose of operating the laundry. Disconnected from the boiler some of the arts might be machines in the technical sense, and others might not be machines in any sense, but when combined and suitably connected ready for operation for laundry purposes, the entire outfit is machinery in the proper and commonly accepted use of the term. If an implement dealer procures insurance upon his " machinery " in store, no one would seriously contend that, for the loss of a traction engine under such policy, the company would not be liable for the value of the boiler as well as for the combination of wheels and movable parts making up the engine proper. In the laundry we have the same combination of boiler and engine or other mechanism by which a desired result is obtained, and the fact that the boiler is not mounted on wheels or that union between the boiler and other mechanism is effected through a greater length of pipe makes the entire apparatus none the less a single system of machinery. The idea of accomplishing work by steam power is bottomed upon the plan of creating and confining steam in a safe receptacle from which through connecting pipes and valves the energy thus stored is transmitted to other appropriate devices which supplement and augment the effectiveness of human labor. Each is an essential part of the whole and together we think they are clearly within the meaning of the term " machinery " as used in the policy in suit.

Finally, it is argued that the boiler and its connected

parts were a part of the building or of the real estate, and therefore was insured, if at all, under the first clause of the

5. INSURANCE OF FIXTURES.    policy insuring the building for $300, and not as a part of the machinery insured at $1,200.

There is no merit in this claim. As we have already seen, the insured building stood upon leased ground, and is, therefore, to be considered personal property. Such being the case, fixtures, if any, attached to it were also personal property. But it is shown also that the engine in question was not set upon or fitted into any artificial foundation or otherwise affixed to the land, but was of a movable or portable type which could readily be removed without injury to the realty.

Other questions argued are governed by the conclusions we have hereinbefore announced, and require no further consideration. Appellant offered no evidence as to the value of the property destroyed, and the verdict has adequate support in the record.

No prejudicial error has been shown, and the judgment of the district court is *affirmed.*