J. W. NEWLAND, Appellee, v. IOWA RAILWAY & LIGHT COMPANY, Appellant.

PLEADING: Matters Specially Pleaded—Affirmative Defense. *An affirmative defense must be pleaded by him who claims it.* So held in an action against a public utility corporation charged with unlawfully destroying the trees of a property owner, the corporation contending that plaintiff should plead whether defendant had a franchise right to prosecute its business.

MUNICIPAL CORPORATIONS: Streets, Etc.—Shade Trees—Right of Property Owner—Pleading. The right of the property owner in shade trees maintained by him in the public street in front of his property being superior to all other rights, save that of the public to improve the street, such owner, suing for damages for the destruction of such trees by a private party or concern, need not allege that such destruction was wrongful or unlawful. *No presumption prevails that such destruction was rightful.*

EVIDENCE: Judicial Notice—Incorporation of Cities and Towns. Courts take judicial notice of the incorporation of cities and towns, in the absence of a direct attack on such order of incorporation. (Section 603, Code, 1897.)

EVIDENCE: Best Evidence—Location of Lands. A real estate property owner may very properly be permitted to state, generally, that his property is within the limits of an incorporated town, no issue as to boundary lines existing.

DAMAGES: Measure of Damages—Unlawful Destruction of Trees. One may not, for an injury to property, contend for a measure of damages not supported by his evidence. So held where defendant, who had wrongfully destroyed the shade trees of another, contended for a measure of damages based on the difference in value of the property with the trees properly trimmed, and the value of the property with the trees destroyed, there being no evidence, however, that defendant had any right even to trim the trees.

EVIDENCE: Value—Owner of Property—Competency.    Ownership
6  of property in question carries competency to testify as to its
   value.

TRIAL: Instructions—Submission of Issues—Unsupported Issues.
7  Issues unsupported by the evidence should not be submitted.

EVIDENCE: Competency—Existence of Franchise.  A statement by
8  a witness that "we have authority under our franchise to trim
   trees, etc.," manifestly is insufficient to establish the existence
   of such franchise.

MUNICIPAL CORPORATIONS:  Streets, Etc.—Shade Trees—Right
9  to "Trim."  The right to trim shade trees bordering a public
   street does not embrace the right to *destroy* them.

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

TUESDAY, SEPTEMBER 26, 1916.

REHEARING DENIED, MONDAY, JANUARY 22, 1917.

ACTION at law to recover damages for the wrongful destruction of trees planted within the bounds of the street fronting upon the plaintiff's residence property.  Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*John A. Hull,* for appellant.

*S. Trevarthen,* for appellee.

WEAVER, J.—The plaintiff's case, as stated in his petition, is to the effect that he is the owner of certain property occupied by him as a residence within the corporate limits of the town of Woodward in Dallas County, which property abuts upon one of the public streets of said town. He alleges that he had set out, and for many years had maintained, within the street boundary in front of said property, a row of nine trees for ornamental purposes and for the production of shade; and that, in November, 1912, the defendant, being engaged in erecting a line for the transmission of electricity, wilfully, maliciously and negligently cut down and destroyed said trees, to the plain-

1. PLEADING: matters specially pleaded: affirmative defense.

tiff's great injury and damage. Defendant first attacked the petition by motion to strike certain parts thereof as surplusage and without relevance to the claim made, and also moved that plaintiff be required to state whether defendant had a franchise for the erection of its electric lines at that place. This motion was overruled, and error is assigned thereon.

Passing the question whether the alleged error, if any, was not waived by defendant's act in thereafter filing an answer, we find no reason to criticise the correctness of the ruling. The allegations said to be surplusage may have been to some extent argumentative or statements of evidence, but nothing was alleged which in any way served to cloud or obscure the real nature of the claim, or to prejudice defendant in the assertion of any of the defenses upon which it has chosen to rely.

So, too, upon the demand for more specific statement. If defendant had any franchise or other right or claim of right to destroy the trees, it was in the nature of an affirmative defense, which it was at liberty to plead and prove if so advised. It could not require the plaintiff to negative his own assertion of right by alleging the matters, if any, upon which an affirmative defense might be predicated.

2. MUNICIPAL CORPORATIONS: streets, etc.: shade trees: right of property owner: pleading. The motion having been disposed of, defendant demurred to the petition because it did not allege or show the acts complained of to be wrongful or unlawful, and did not allege the specific acts constituting the alleged wrong. The demurrer was overruled, and of this ruling complaint is made. It was correct. The petition does show clearly that the trees were rightfully planted and maintained by the plaintiff, and, except as against the superior right of the state by its proper authorities to maintain and improve the streets for public purposes, he had a property right in the trees, and could lawfully maintain

them where they stood, and this right the courts are bound to recognize and protect. See *Burget v. Incorporated Town of Greenfield,* 120 Iowa 432, 439, and cases there cited. The fact that defendant assumed the right to cut and destroy the trees for the alleged convenience of its electric line carries with it no presumption that, in doing so against the will and protest of the plaintiff, it was acting within the terms or upon the authority of some franchise neither pleaded nor otherwise disclosed. The demurrer was properly overruled.

3. EVIDENCE: judicial notice: incorporation of cities and towns.

The plaintiff, as a witness in his own behalf, having described his residence property, was asked and permitted to answer that it was within the incorporated town of Woodward. To this an objection that the testimony was immaterial and incompetent and not the best evidence was overruled. In argument in this court, it is said that the court could not take judicial notice of the incorporation of the town of Woodward, and that the only way of showing the fact of incorporation was to introduce the record of the proceedings of such incorporation. But such is not the rule. Under our statute, the final order of incorporation is by judgment of the district court, and it has been distinctly held that, where such order is not directly challenged, the court will take notice of the incorporation. *State v. Reader,* 60 Iowa 527; Code of 1873, Section 424; Code of 1897, Section 603; 4 Wigmore on Evidence 2575.

4. EVIDENCE: best evidence: location of lands.

It may be that judicial notice will not be taken from the mere general description of plaintiff's property that it is located within the incorporated limits, but we know of no rule which renders it incompetent for the property owner to testify as a witness that its location is within the corporate boundaries. To hold that every person holding or claiming property rights within an incorporated town or

city must go through the form of producing in court the
record of the incorporation proceedings, and show by en-
gineer's measurements that his property is included there-
in. would be to incumber and delay proceedings for matters
of empty form. Why an owner of property in a city may
not testify to its location therein just as he might, on proper
occasion, state upon which side of a partition fence it is
to be found, is hard to imagine. To be sure, if the loca-
tion of a boundary is properly put in issue, and becomes a
matter of material dispute upon the trial, resort to the
records and to measurements may become proper or per-
haps necessary; but, in the absence of such controversy,
and upon a mere formal denial, in support of which no
evidence of any kind is offered, oral evidence is both com-
petent and sufficient.

5. DAMAGES:
measure of
damages: un-
lawful de-
struction of
trees.

Objection is further raised to the rule
adopted by the court upon the measure of
plaintiff's damages. The witnesses were per-
mitted to give their estimate of the value of
plaintiff's property immediately before the
destruction of the trees and the value thereof immediately
after the alleged trespass. Counsel say that the true rule
was the difference between the value of the property as it
would have been with the trees properly and reasonably
trimmed, and the value thereof after the trees had been
destroyed. Assuming that the rule contended for would
be applicable if the record showed defendant's right to
"reasonably cut and trim" the trees, it is sufficient to say
that no such right is pleaded or proved, as we shall soon
have occasion to point out.

6. EVIDENCE:
value: owner
of property:
competency.

Further exception is taken to allowing
the plaintiff, as a witness, to testify to the
value of his property without sufficient pre-
liminary proof of his competency. Proof of
ownership is, under our holdings, sufficient to admit the own-

er's evidence of value. See *Tubbs v. Mechanics' Ins. Co.*, 131 Iowa 217, 219, and cases there cited. Other· objections to evidence are urged, but in most respects they are governed by the principles already mentioned, and we find no prejudicial error in the court's ruling thereon.

7. TRIAL: instructions: submission of issues: unsupported issues.

The chief exception to the charge given the jury is that it "takes from the jury the question of the appellee's" (appellant's?) "lawful occupation of the highway and the necessity of cutting the trees." In the first place, the pleadings do not seem to raise any such issue, save that the answer declares in general terms that defendant had the lawful right to occupy the street with its lines, and that, in their construction, it was necessary to cut and remove the trees. The only evidence offered of such right was a resolution passed by the board of supervisors, granting the Iowa Railway & Light Company permission to erect and maintain poles and wires for electric lights and power upon a certain highway running from the city of Perry along a prescribed route eastward "to the corporate limits of the town of Woodward." Also upon a certain "other highway which runs east *from* the town of Woodward" along a prescribed route to the county line. There is nothing in the record to show that plaintiff's property abuts upon either of the highways named in the resolution. On the contrary, it does appear that the property abuts upon a street in the town of Woodward, and that the resolution of the board of supervisors does not in form or substance give defendant permission to occupy any street within the municipal territory. There is neither plea nor proof of the grant of a franchise for such purpose by the town of Woodward, and it is therefore unnecessary for us to consider or decide the extent of the authority, if any, which such franchise would confer upon the defendant to cut and destroy the shade and ornamental trees maintained by the property

owners within the bounds of the streets. Defendant's witnesses, or some of them, go to the extent of saying that, to erect and efficiently operate its wires, all trees within fifty feet should be removed, the effect of which claim, if sustained, would be to authorize such corporations to completely devastate an ordinary street of all its shade and ornamental trees, and in residence neighborhoods destroy, without compensation, one of the chief elements of value in abutting property. A proposition of such sweeping effect and importance should be announced by the court only upon a record which clearly requires it, and such record is not here presented.

8. EVIDENCE: competency: existence of franchise.

Counsel say in argument that there was oral testimony that a franchise had been granted by the town to the appellant; but this is a mistake. One of the defendant's employes, testifying to an alleged conversation with plaintiff concerning the trees, was asked in defendant's behalf, "Didn't you tell him you had a legal right to cut them down?" and to this he replied, "We have authority under our franchise to trim trees under the instruction of the city council." This, so far as we can discover, is the only mention in the record of any franchise. It is so manifestly insufficient to show a franchise to the defendant authorizing the act complained of that it requires no further consideration. Even if we were to give any effect to the legal opinion expressed by the witness, it goes no

9. MUNICIPAL CORPORATIONS: streets, etc.: shade trees: right to "trim."

further than to show a claim of right to "trim" trees "under the instructions of the city council," while the thing complained of is the entire destruction and removal of the trees, and this, too, without any suggestion of authority or instruction from the city council.

What we have said sufficiently covers all objections and exceptions on which defendant asks a reversal of the

judgment below.   In our opinion, that judgment is fully
sustained by the record, and it is, therefore,—*Affirmed.*

DEEMER, EVANS and PRESTON, JJ., concur.