A. S. KIRKHART, Appellant, v. B. HAMILTON et al., Appellees.

**FRAUDULENT CONVEYANCES:** Effect of Conveyance—Right of Grantor to Reassert Title. The owner of a bank deposit is not precluded from asserting his ownership because he causes the deposit to be carried on the books of the bank in the name of another per-

son, in order to circumvent an *imaginary* creditor. So held where the deposit had been seized on garnishment process against the nominal depositor.

**Headnote 1:** 27 C. J. pp. 470, 665.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

### APRIL 7, 1925.

THE plaintiff, under garnishment upon execution against the defendant, claimed certain funds in the hands of the garnishee. The intervener claimed to be the owner of a portion of the money. From a judgment in favor of the intervener, the plaintiff appeals.—*Affirmed.*

*C. R. Royal* and *R. M. Hedinger,* for appellant.

*Fred T. Van Liew,* for appellees.

VERMILION, J.—The plaintiff caused execution to issue on a judgment in his favor and against the defendant, Hamilton, upon which the Home Savings Bank, of Des Moines, was garnished. The garnishee answered that it was indebted to the defendant upon an open checking account in the sum of $266.15, and upon a savings account in the sum of $225. Anderson intervened, claiming to be the owner of the amount in the hands of the garnishee in the savings account, and that the amount in the checking account belonged to a copartnership composed of himself and the defendant, Hamilton, one half belonging to each. The defendant, Hamilton, appeared, and disclaimed any interest in the amount in the savings account, and claimed to be the owner of one half of the amount in the checking account. The lower court rendered judgment against the garnishee for the amount of Hamilton's interest in the general or partnership account only.

It appears from the record that the money in the savings account had belonged to intervener, who turned it over to Hamilton, with directions to deposit it in his own name, and that the money in the checking account was either furnished by intervener for the partnership, or was derived from the partnership

business, and was also deposited in Hamilton's name, at the direction of intervener. The intervener and Hamilton both testified that this was done because intervener's divorced wife had become dissatisfied with a property settlement made in contemplation of the divorce, and was threatening to bring suit against him.

It is the contention of plaintiff that the intervener turned the money over to Hamilton in fraud of the intervener's divorced wife, who was a creditor of the intervener's, and that, this being so, intervener could not have recovered it from Hamilton, since, as between a fraudulent transferor and his transferee, the law will leave the parties where it finds them, and will not aid the perpetrator of the fraud to recover property so conveyed; that, by his garnishment of the bank as the debtor of Hamilton, he acquired whatever right Hamilton had to the money; and that his rights under the garnishment, as a creditor of Hamilton's, while the latter still held title to the money, were superior to any right of the intervener's, a fraudulent transferor. He relies on the rule as laid down in 27 Corpus Juris 665, Section 445, and the cases there cited.

If it be conceded that the law is as claimed by the appellant, the difficulty with the position is that intervener's former wife is not shown to have been a creditor, or to have been in a position to have been defrauded by his transfer of the money to Hamilton. Intervener's mere intent in turning the money over to Hamilton and having it deposited in his name was not alone sufficient to render the transfer fraudulent, if he had no creditors to be defrauded.

The record does not disclose the nature of the alleged claim of intervener's wife, or that she had any enforcible demand, or that she was in fact a creditor. We think the case is controlled by the principle laid down in *Day v. Lown*, 51 Iowa 364, and *Kervick v. Mitchell*, 68 Iowa 273.

The burden was on plaintiff to establish that the transfer to Hamilton was in fraud of creditors of the intervener. He is not shown to have had creditors, unless his former wife was one. The proceeding is at law, and the finding of the lower court upon this proposition has the force and effect of the verdict of

a jury, and is not to be disturbed on appeal if the finding has support in the evidence. .

Other assignments of error relate to rulings on the introduction of evidence. They are without merit.

The judgment is—*Affirmed*.

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.