DAVID R. FORGAN et al., Appellants, v. ALLEN BROS. et al.,
Appellees.
No. 39000.

APRIL 2, 1929.

*Victor Shultz* and *Hudson & Hudson*, for appellants.

*Price & Burnquist*, for appellees.

MORLING, J.—The defendants resided in Pocahontas. Their evidence is that, on May 1, 1926, they drew the check in controversy for $776, on the Farmers Trust & Savings Bank at Pocahontas, and obtained its certification. The same  day, they inclosed it, with letter, and a smaller check for $79.20, in an envelope addressed to the Commercial Credit Trust, the payee of both

checks, at Des Moines, and mailed the envelope at Pocahontas. The first of May was Saturday. The smaller check was dated May 1, 1926, indorsed by the Commercial Credit Trust May 3, 1926, by Des Moines National Bank May 4, 1926, by Federal Reserve Bank of Chicago May 5, 1926, and was paid. The plaintiffs give no account of this check or of its presentment. The check in controversy, for $776, is dated May 1, 1926, indorsed by Commercial Credit Trust May 5, 1926, by Des Moines National Bank May 6, 1926, by the Federal Reserve Bank of Chicago May 7, 1926. The cashier of the Commercial Credit Trust testified that he made out wholesale remittance reports every day from the checks, and deposited all checks in the bank on the day they were received. The report for the check in controversy and the deposit slip to the payee are dated May 5, 1926. The witness says that he took the check to the Des Moines National Bank and deposited it on that day. He also says that he does not recall receiving any other checks from the payees that day, nor whether the smaller check was inclosed with the larger one. He acknowledges putting the indorsement on and depositing the smaller check on May 3d. Defendants offered in evidence a letter from the Des Moines National Bank to the Commercial Credit Trust, stating that the bank record showed that the check was deposited May 6th and forwarded the same day to Federal Reserve Bank of Chicago; that the writer of the letter is informed that the check "went forward to Pocahontas May 7th and should have reached that Bank on May 10th, which was Monday. They state that ordinarily they should have returns on this item by May 12. Not receiving payment on that day or the next, they notified us that they were without returns and item was unpaid. Check in question was not returned to them until May 17. Apparently there was no delay on the part of either this bank or the Federal Reserve Bank in handling this item but it would seem that the delay is entirely up to the paying bank at Pocahontas." Also, a letter from the manager of the Commercial Credit Trust to defendants, stating:

"I believe, according to this letter, that if the bank at Pocahontas had not closed its doors prior to May 10, you should have no difficulty in getting paid in full, as it would appear to me you should be on the list of preferred creditors."

It is undisputed that, both on the day of issuing the check and on the day the bank closed, which was May 12th, the drawers had on deposit sufficient funds to pay the check. Plaintiffs' proposition is:

"There was no evidence in the record to show that the plaintiffs were guilty of any negligence which caused any material delay in the presentment of the check."

They urge that the letter offered by defendants shows that the check must have reached the payee bank several days before it failed.

We need to spend no time in discussing the question whether, as matter of law, negligence and nonpayment resulting therefrom are shown. The action was tried to the court, sitting at law; and if there is sufficient evidence supporting its findings, those findings are conclusive here. It is provided by Section 9647, Code of 1924, "A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay;" and by Section 9648, "Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance;" and by Section 9654, "In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." There is no evidence here of the usage of trade or business. It appears that the check was deposited by the payee in bank at Des Moines, and by the Des Moines Bank sent to the Federal Reserve Bank at Chicago. There is evidence that the two checks were inclosed in the same envelope, and so must have been received by the payee at the same time. The smaller one was deposited May 3d, and indorsed by the Federal Reserve Bank May 5th, and paid. The notice of protest offered in evidence by plaintiffs states that the check in controversy was, on May 13th, at the request of the Farmers Trust & Savings Bank, holder of the original check, presented to the Farmers Trust & Savings Bank, and payment demanded. A letter written by the payee to the defendants asks payment of acceptance for $776, "for which you sent us a cashier's check which was refused due to the closing of the bank." The refer-

ence to the check as "a cashier's check" is evidently an error. It appears from plaintiffs' evidence, therefore, that the Federal Reserve Bank sent the check to the drawee bank, that the drawee bank was the holder, and that presentment for payment was made on May 13, 1926, the day after the bank closed. The payee or the Federal Reserve Bank had no authority to send the check for collection to the drawee bank, and were guilty of negligence in doing so. *Leach v. Citizens' State Bank of Arthur*, 203 Iowa 782; *Leach v. Battle Creek Sav. Bank*, 202 Iowa 871. As stated, this evidence was introduced by the plaintiffs, and the plaintiffs thereby show their own negligence, and show injury, though the fact was not pleaded by defendants as negligence. Plaintiffs have not undertaken to explain whether or not the drawee of the check was a member of the Federal Reserve system or had an account with the Federal Reserve Bank, and that to such account the check was charged by the Federal Reserve or credited by the drawee. We need not discuss the question whether such is the reasonable inference from the evidence. The plaintiffs' evidence shows presentment May 13th and refusal of payment, "due to the closing of the bank." Furthermore, the

 burden was on plaintiffs to show that defendants were not injured by their negligence. *Hamlin v. Simpson*, 105 Iowa 125, 130; *Knight v. Dunsmore & Chambers*, 12 Iowa 35, 39. See 7 Corpus Juris 757; 8 Corpus Juris 1020. The judgment is supported by the evidence. *West Branch State Bank v. Haines*, 135 Iowa 313, 317; *Fritz v. Kennedy*, 119 Iowa 628.—*Affirmed*.

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.