GREGERSON BROS., Appellant, v. J. G. CHERRY COMPANY, Appellee.

No. 40177.

JUNE 23, 1930.

· *Edward J. Dahms* and *Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Deacon, Sargent, Spangler & Hutchinson,* for appellee.

WAGNER, J.—The plaintiff is a copartnership, engaged as certified public accountants at Omaha. The defendant is a corporation, engaged in the manufacture and sale of various  lines of dairy and creamery equipment, with its principal place of business at Cedar Rapids. It is undisputed that, for the years 1917 to 1920, inclusive, the defendant had reported and paid to the Federal government income and war profit taxes in the amount of $623,717.73. It was the contention of the defendant that it had paid an excessive amount, and on February 27, 1923, the services of the plaintiff were employed to bring about an adjustment of the matter, as between it and the government. On said date, the following written contract was entered into between the plaintiff and the defendant:

"It is hereby mutually agreed by and between Gregerson Brothers of Omaha, Nebraska, and J. G. Cherry Company of Cedar Rapids, Iowa, as follows:

"Gregerson Brothers agree to do all work necessary to make up all papers required in connection with securing refunds of taxes overpaid by J. G. Cherry Company for years

1917 to 1921 inclusive; Gregerson Brothers are to pay all expenses in connection with the work including traveling expenses and appearing in Washington in the case.

"J. G. Cherry Company agrees to pay Gregerson Brothers for all services indicated above a fee equal to 17 1/2% for 1st $100,000.00 and 10% above this amount of the amount refunded by the government to the said J. G. Cherry Company. This fee is payable only when the refund is received from the government, and if no refund is obtained J. G. Cherry Company is to pay nothing whatever to Gregerson Brothers."

It is also undisputed that the report of the field agent from the revenue department, made under date of March 18, 1921, recommended the assessment of additional taxes for the years in question against the defendant in the amount of $42,198.27. The threatened assessment of this additional amount of taxes against the defendant was a matter of dispute, and undetermined as between it and the government on the date of the execution of the aforesaid written contract. The plaintiff presented to the commissioner of internal revenue, for the defendant, a brief and argument, giving the claimed reasons why additional taxes should not be assessed against the defendant, and why the defendant was entitled to a refund because of excessive taxes previously paid. The treasury department, in its decision of February 29, 1924, found that for the year 1917 the defendant had been over-assessed, and had overpaid in taxes the amount of $5,105.17; that for the year 1919 there had been an over-assessment and overpayment of $27,174.03, and for the year 1920, there had been an over-assessment and overpayment in the amount of $36,193.34; and that for the year 1918, there was an additional tax due from the defendant in the amount of $4,623.76. It will thus be observed that the net over-assessment was the sum of $63,848.78, and, had it not been for the finding that there was an additional amount due for the year 1918, the amount of the refund would have been $68,474.54.

It is undisputed that this refund of $63,848.78 was paid by the Federal government to the defendant on August 7, 1924, and that immediately the defendant sent the plaintiff a draft for $11,173.54, said amount being computed at the contract rate of 17 1/2 per cent on the sum received by the defendant from the government as a refund. It is the plaintiff's contention

that it is entitled to additional amounts for services rendered, while the defendant contends that the plaintiff has been fully paid.

The plaintiff's petition is in two counts, the first being founded upon the aforesaid written contract, in which the plaintiff claims the amount of $809.15 and interest. It will be observed that the amount claimed in this count is 17 1/2 per cent of the aforesaid amount of $4,623.76, the amount found by the government to be due from the defendant for the year 1918.

Is the plaintiff entitled to said additional sum of $809.15, under the written contract? The trial court found against the plaintiff, and dismissed said count. A refund is defined as "a return of money." See Century Dictionary. Relative to the controversy between the parties to this suit, the Federal statute, Section 252 of the Revenue Act of 1921 (42 Statutes at Large 268) provides:

"That if, upon examination of any return of income made pursuant to this Act * * * it appears that an amount of income, war-profits or excess-profits tax has been paid in excess of that properly due * * * the amount of the excess shall be credited against any income, war-profits or excess-profits taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer."

It will be observed that the department found that for the year 1918 there was an additional tax due from the defendant in the amount of $4,623.76, which amount, under the aforesaid Federal statute, was deducted by the government in making the repayment to the defendant. In other words, had it not been for said additional amount found to be due for said year, the amount of the refund would have been increased by that amount. Consequently, the defendant received as a refund $63,848.78, instead of $68,472.54. The aforesaid written contract in plain and unambiguous language provides that the plaintiff is to receive as compensation 17 1/2 per cent of the amount refunded by the government to the defendant, and that the same is payable only when the refund is received, and that the defendant shall not be liable to plaintiff in any amount if no refund is obtained. The amount of money refunded—returned—by the

government to the defendant was only the sum of $63,848.78, and the plaintiff, by the terms of the contract, was only entitled to 17 1/2 per cent of said amount, which was the amount of the draft sent by the defendant to the plaintiff on August 11, 1924. Therefore, the plaintiff has been fully paid, and it is apparent that the court was not in error in dismissing the first count of the petition.

In Count 2 of the petition, the plaintiff alleges, in substance, that, in March, 1921, the defendant was notified by the internal revenue bureau, a bureau of the treasury department  of the United States,. that the government had listed for additional tax against the defendant for the years 1917 to 1920, inclusive, the sum of $42,198.27; that, on or about the 5th day of March, 1923, the plaintiff verbally agreed with the defendant that the plaintiff would represent said defendant, and use its best offices and skill in seeking to prevent the levying of the additional assessment; that it did represent said defendant, prepared brief and argument, and succeeded in preventing the assessment of the additional tax to the extent of $37,574.51; that the reasonable value of said services was 17 1/2 per cent of the amount of the additional tax which was claimed by the government, and which was not assessed, and asks judgment in the amount of $6,575.53 and interest. For answer to this count of the petition, the defendant admitted that, sometime in March, 1921, it was notified by the internal revenue department that the internal revenue bureau had set up a claim that the defendant should be subjected to additional tax for the years 1917 to 1920, inclusive, but denied that any additional tax had ever been· assessed, and denied that any refund of any tax, in any amount, in addition to the sum of $63,848.78, was secured by the plaintiff for the defendant, and denied that the plaintiff was entitled to any compensation or fee on any amount claimed in said count, and denied that any contract or agreement, other than as expressed in the aforesaid written contract, was ever entered into between the plaintiff and the defendant.

As hereinbefore stated, it was found by the department that there was an additional tax due from the defendant for the year 1918 in the amount of $4,623.76; and deducting said amount

from the claim of the government for additional tax for said years, to wit, $42,198.97, leaves the amount of $37,574.51, upon which amount the plaintiff claims compensation upon a *quantum meruit* basis, of 17 1/2 per cent, or the amount of $6,575.53.

It must be borne in mind that this is an action at law, and was tried to the court without a jury. It is the repeated pronouncement of this court that, in actions at law tried to the court without a jury, the decisions of the court on disputed questions of fact have the same weight, force, and effect as would the verdict of a jury. See *Scott v. People's Monthly Co.,* 209 Iowa 503; *Pomeroy v. Farmers Sav. Bank of Shelby,* 207 Iowa 1310; *In re Estate of Sarvey,* 206 Iowa 527; *Forgan v. Allen Bros.,* 207 Iowa 1198; *Norton v. Catholic Order of Foresters,* 138 Iowa 464; *Farrow v. Farrow,* 162 Iowa 87; *Kirkhart v. Hamilton,* 199 Iowa 1028.

We have read the record with care, and it is apparent therefrom that, had the case been tried to the court and a jury, the court would not have been justified in directing a verdict upon this count in favor of the plaintiff.

What was the situation which confronted the plaintiff in the performance of its duties under the aforesaid written contract? The defendant, through the plaintiff, was contending that there had already been an over-assessment and overpayment of taxes for the years in question. The government was contending that that was not true, and that it was entitled to an additional amount in taxes for said years from the defendant. Under the written contract, the plaintiff could not succeed in obtaining for the defendant repayment or a refund of taxes for any year in question without demonstrating to the government that it was not entitled to an additional tax from the defendant for said year. The one is necessarily involved in and affects the other, and when the fact was established that the defendant was entitled to a refund for any year, that automatically disposed of the claim of the government for any additional tax for that year, and *vice versa.* It is therefore manifest that the service for which compensation is asked upon a *quantum meruit* basis, as demanded in Count 2, was necessarily within the scope of the employment under the written contract, and unavoidably within the contemplation of the parties in entering into said written contract. Under such circumstances, while

the plaintiff is entitled to compensation under the written contract according to its terms, there is no basis for a claim for compensation upon *quantum meruit*. See *Prouty, Coyle & Prouty v. Perry*, 142 Iowa 294; *Cammack & Son v. Weimer*, 181 Iowa 1; *Ryan v. City of Dubuque*, 112 Iowa 284.

One of the plaintiff firm testified:

"The argument I presented in my brief is exactly the argument I would have presented to the department in support of my contention that there should be a refund of tax to the Cherry Company if there had been no claim by the government for additional tax."

It is therefore shown that the plaintiff did nothing which he was not required to do under the terms and provisions of the aforesaid written contract. It thus becomes apparent that the court was right in dismissing the second count of the petition.

The judgment is in accordance with the law, and amply sustained by the evidence, and the motion for a new trial, based upon said grounds, was rightly overruled. The judgment of the trial court is hereby affirmed.—*Affirmed*.

MORLING, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.